The decision below is hereby signed. Dated: November 13, 2006.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SYLVIE ETITANE, | ) | Case No. 06-00331 |
| | ) | (Chapter 13) |
| Debtor. | ) | |

SUA SPONTE DECISION REGARDING DEBTOR'S
FAILURE TO FILE DOCUMENTS REQUIRED BY 11 U.S.C. § 521(a)

Section 521 of the Bankruptcy Code lists the general duties of the debtor in this case, including the duty of the debtor to file certain specified documents. See 11 U.S.C. § 521(a). If any documents required by § 521(a)(1) are not filed within forty-five days of the petition date, § 521(i) requires that the case be treated as having been dismissed automatically on the forty-sixth day after the filing date (with one exception that is generally unavailable).[1]

The debtor filed her petition on September 19, 2006.

---

[1] Section § 521(i)(3) permits extension of the deadlines set forth in § 521(i)(1) by an additional forty-five (45) days upon request of the debtor; however, the request must be made before the initial forty-five (45) day period expires. In this case, the debtor has made no such request.

Accordingly, the statutory deadline for filing all documents required by § 521(a)(1) passed on November 3, 2006. As of this date, however, the debtor has filed neither a Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Official Form 22C) nor copies of all payment advices or other evidence of payment received within the sixty day period preceding the petition date, both of which are required by § 521(a)(1). 11 U.S.C. § 521(a)(1)(B). The case must be dismissed by operation of statute; the only question is whether the dismissal should be with prejudice.

    The court entered an order to show cause on October 11, 2006, in which it directed the debtor to show cause why her case ought not be dismissed with prejudice if she failed to file her Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Official Form 22C) by October 25, 2006 (D.E. No. 24). The chapter 13 trustee has filed a separate motion to dismiss the debtor's case with prejudice based on the debtor's failure to appear at the meeting of creditors scheduled pursuant to 11 U.S.C. § 341 as required by 11 U.S.C. § 343, her failure to commence timely plan payments as required by 11 U.S.C. § 1326, and her failure to provide certain federal tax information in a timely manner as required by 11 U.S.C. § 521(e)(2)(A) (D.E. No. 26, filed October 24, 2006). In addition, the chapter 13 trustee has filed a praecipe supporting

dismissal of the debtor's case with prejudice for the same reasons (D.E. No. 29, filed October 24, 2006).

Although the deadline for the debtor to object to the chapter 13 trustee's separate motion for dismissal with prejudice has not yet passed, the debtor's failure to respond to the court's prior show cause order, which explicitly threatened dismissal with prejudice, coupled with the chapter 13 trustee's praecipe in support of dismissal with prejudice warrants dismissal with prejudice without need for a hearing on the trustee's separate motion.  The court will therefore enter an order to that effect.

A separate order follows.

                                        [Signed and dated above.]

Copies to: All entities on the BNC mailing list.